Walter Williams v. Commissioner.
Williams v. Commissioner
Docket No. 91476.
United States Tax Court
T.C. Memo 1963-114; 1963 Tax Ct. Memo LEXIS 230; 22 T.C.M. (CCH) 526; T.C.M. (RIA) 63114; March 23, 1963
*230 Robert L. Gnaizda, Esq., for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $193.00 in the income tax of Walter Williams (hereinafter called petitioner) for the year 1958. This resulted from the disallowance of three dependency exemptions claimed by the petitioner. The one for his wife was disallowed because the return was not joint, the wife not having signed it. The two exemptions claimed for his children, Walter Jr. and Teddy, were disallowed for lack of substantiation that petitioner provided more than 50 percent of their support in 1958. After the petition herein was filed, the respondent determined that the petitioner should be allowed the exemptions. Respondent now concedes that petitioner his overpaid his tax by the entire amount withheld from his wages in 1958. Consequently, the only question remaining is the correct amount of taxes withheld. Petitioner, while in prison, filed his income tax return for 1958 with the district director of internal revenue at Los Angeles. The return showed that he earned wages of $1,000 from George Gunn and that $120 was the amount of income tax withheld. *231 It also showed that he received $889.76 in wages from William Phetteplace and $137.96 was the tax withheld. Thus, a refund of $257.96 was claimed on the return. A Treasury check for $262.28, representing the $257.96 plus interest of $4.32, was sent to the petitioner, but was returned to the district director and cancelled on May 4, 1960. Revenue Agent Fred Tripp examined the return and prepared an audit report with respect thereto on May 24, 1960. The Withholding Tax Statements (Form W-2) for 1958 prepared by George F. Gunn, DBA Gunn Scaffolding Co., 5460 Suerra Vista, Los Angeles, California, and by Phetteplace Scaffolding Co., (also known as Advance Scaffolding Co.), 1523 Descanso Drive, La Canada, California, and filed with the Commissioner of Internal Revenue, show the following information with respect to the petitioner: F.I.C.A.
Income
Employee
Total
Tax
Tax
Employer
Wages
Withheld
Withheld
Gunn Scaffolding Co.
$1,018.31
$ 62.50
$23.50
Phetteplace Scaffolding Co.
707.16
77.50
15.80
Totals
$1,725.47
$140.00
$39.30
Although the petition alleges that petitioner "worked nine days for Superior Sandblasting Company, April *232 or May, 1958," an affidavit of Okley B. Bradshaw, Manager of Superior Sandblasting Company, reads as follows: I, Okley B. Bradshaw, owner of Superior Sandblasting Company have thoroughly checked our books and records for the months of March through June 1958 and we have no record of any Walter Williams being in our employ during this period of time. We are a small company and I have no recollection of any Walter Williams ever being in our employ. We find no W-2 for any such person and we always keep these forms on file. The statement of the petitioner was taken by deposition at the Folsom State Prison, Represa, California, on March 29, 1963. While he asserted that "those two employers are lying" about the amounts of wages paid and taxes withheld, his testimony at best is self-serving, vague and indefinite. He admitted the figures he listed on his tax return were put down from "memory". He could not remember whether h( received a W-2 Form from Superior Sandblasting Company or exactly why he had not shown the amounts received on his return. Against this testimony we have the documentary evidence from the employers' records, which certainly has a much higher degree of credibility *233 than the petitioner's uncorroborated statements. We must therefore conclude that the total amount of income tax withheld was $140, as the respondent contends. There is no competent evidence to support petitioner's claim that it was greater. Accordingly, based on the record before us, we hold that (1) there is no deficiency and (2) there is an overpayment in the amount of $140. Decision will be entered for this amount of overpayment.